UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.

v.                                                                    C.A. NO. 09-427 ML

ASHBEL T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff, Norman Laurence, Jr., *pro se,* for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 2). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint alleging that 45 named defendants violated his constitutional rights between March 24, 2008 and February 2, 2009 (the "Complaint" or "Cmpt.") (Docket # 1). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's motion to proceed *in forma pauperis* be DENIED at this time.

## BACKGROUND

The following background is alleged in the Complaint. Plaintiff alleges that defendants, various ACI wardens, supervisors, correctional officers, and medical personnel, have subjected him to "psychological warfare with the use of electronic surveillance thats [sic] concealed within the light fixture of the cells [he] live[s] in." Cmpt. p. 1. He implies that such devices are used to secretly watch him perform bodily functions and write legal work. He further alleges that defendants harass him by talking about what he does in his cell and attempting to blackmail him to stop pursuing his legal claims. Plaintiff alleges that certain officers have impeded his access to the courts by actions including preventing his access to law books for a period of time, knowing what he has written in his legal work, opening his legal mail, and retaliating against him for his legal work. Plaintiff also alleges that the officers and nurses have used the mental health services to harass him and make him look "delusional." Cmpt. ¶ 80.

1

Additionally, plaintiff makes specific allegations that his cell was searched and "trashed" on December 16, 2008, Cmpt. ¶ 68, and that he was attacked by a fellow inmate on February 2, 2009, Cmpt. ¶¶ 71-74. Plaintiff alleges that, prior to the attack, he observed the inmate speak with Officer Estrella and then heard the inmate say that Estrella "gave him the green light." Cmpt. ¶¶ 71-73. Plaintiff alleges he suffered a slight fracture to his jaw and a concussion in the attack. He further alleges that Lieutenant Doyle gave him 89 days in segregation "for being attacked," which Officer Dennett reduced on appeal to 20 days. Cmpt. ¶¶ 77 & 78.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) directs the Court to dismiss a case at any time if the Court determines that the action is, *inter alia*, frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989). Further, a claim lacks an arguable basis in fact when the facts alleged are "irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728 (1992)("[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations" when such factual allegations describe "fantastic or delusional scenarios").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used for ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's well pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009); *Denton*, 504 U.S. at 33. Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim on which relief may be granted, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted); Fed.R.Civ.P. 8(a)(2).

## II. Legal Standard Under § 1983

To maintain a § 1983 action, the conduct complained of must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, plaintiff has failed to allege facts to plausibly indicate that defendants deprived him of a constitutional or federal statutory right.

## III. Preliminary Issues

### A. Failure to Plead Sufficient Facts Under Rule 8

Plaintiff has named 45 defendants; however, he fails to plead sufficient facts to connect many of these defendants to the alleged misconduct. Rule 8 of the Federal Rules of Civil Procedure (the "Federal Rules") requires pleadings to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a); *see also Educadores Puertorriqueños En Acción v. Hernández*, 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."); *Bartolomeo v. Liburdi*, No. 97-0624, 1999 WL 143097, at *3 (D.R.I. Feb. 4, 1999)(action dismissed as to defendants against whom no factual allegations directed).

Here, other than in broad statements regarding "defendants" or "all officers and nurses", plaintiff fails to allege any facts against 12 of the defendants.[1] Additionally, with respect to another nine defendants, there are only irrelevant factual allegations that do not support any of the claims in the Complaint.[2] Plaintiff's sweeping allegations regarding the conduct of "all defendants" or "all officers and nurses in this civil action" set forth in paragraphs 54, 56, 58, 60, 62, 75, and 79 of the Complaint fail to provide adequate specificity to state a claim against these defendants, especially given plaintiff's misguided choice to name so many defendants. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988)(pleading must allege facts sufficient to allow defendants to prepare a defense against such claims). Accordingly, I recommend the following 21 defendants be dismissed from this action: Haley, Rob Renshaw, Violonte, Howard, Greggory, Brouillette, Fehnel, Gannon, Calise, Torez, Begones, Dauray, Mariorenzi, Rodriguez, Manning, Blaine, Addison, Casavant, Quevos, Bulockwa, and Bailey.

---

[1] The twelve named defendants not mentioned in the factual allegations are: Haley, Rob Renshaw, Violonte, Howard, Greggory, Brouillette, Fehnel, Gannon, Calise, Torez, Begones, and Dauray.

[2] The nine defendants against whom there are only irrelevant factual allegations are: Mariorenzi, Cmpt. ¶ 57; Rodriguez, Cmpt. ¶ 57; Manning, Cmpt. ¶ 58; Blaine, Cmpt. ¶ 61; Addison, Cmpt. ¶ 64; Casavant, Cmpt. ¶ 65; Quevos, Cmpt. ¶ 70; Bulockwa, Cmpt. ¶ 74; and Bailey, Cmpt. ¶ 75.

## B. Supervisory Liability

Of the remaining 24 defendants, plaintiff alleges only a claim of supervisory liability against 8 of them. Cmpt. ¶ 51. In a § 1983 action, only direct, rather than vicarious, liability is available. *See Aponte Matos v. Toledo Davila*, 135 F.3d 182, 192 (1st Cir. 1998). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating an "'affirmative link' between the behavior of the subordinate and the action or inaction of his supervisor ... such that 'the supervisor's conduct led inexorably to the constitutional violation.'" *Maldonado v. Fontanes*, 568 F.3d 263, 275 (1st Cir. 2009)(citations omitted); *see also Iqbal*, 129 S.C.t at 1949 ("purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action). Here, with respect to 8 supervisors, plaintiff alleges only that they "have refused to stop employees from abusing me with a security device thats [sic] used to abuse me psychologically and sexually." Cmpt. ¶ 51. Such allegations of "refusing to stop employees" fall short of alleging the affirmative link necessary to state a claim. Therefore, I recommend the claims against 8 supervisors (Wall, Fortin, Auger, Headen, Langlois, Galigan, Sayles, and Lindel) be dismissed.

## C. Irrational Allegations

Laurence bases much of his Complaint on claims that unnamed persons at the ACI have hidden cameras in the light fixtures in each cell in which Laurence has lived in order to spy on him. Although a court may not dismiss as frivolous claims based on allegations based on a belief that the facts are merely "unlikely," plaintiff's bizarre claims here fall within the class of factual contentions that are irrational, delusional, or wholly incredible. *See Denton*, 504 U.S. at 33, 112 S.Ct. 1728; *see also, e.g., Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 3379146, at *3 (W.D.Va. Oct. 20, 2009)(dismissing as frivolous claims based on prisoner's allegations that defendants used devices, including an electronic tracking system, to brand him as a homosexual and subject him to cruel and unusual punishment); *Weaver v. CCI Director*, No. 06 1343, 2006 WL 3834401, at *1 (E.D.Cal. Dec. 26, 2006)(citing related case dismissing as frivolous plaintiff's claims that he was being threatened, harassed and watched from cameras hidden in the ventilation system in his cell). Therefore, the Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" as frivolous. *Neitzke*, 490 U.S. at 327.

4

Here, several of plaintiff's claims are based on irrational allegations that there are cameras hidden in his cell's light fixtures: (i) denial of access to the courts based on defendants' use of electronic surveillance to secretly read the legal work he writes in his cell and retaliation for "his free speech writing at his desk" (part of first cause of action); (iii) cruel and unusual punishment via a "constant cell search" (part of third cause of action); and (iv) the violation of his right to privacy by watching him perform bodily functions for non-penological purposes (fourth cause of action). Accordingly, I recommend these claim be dismissed as frivolous.

## IV.    Failure to Plead or State a Claim

With respect to the remaining 16 defendants and the remaining claims, as set forth below, the Complaint should be dismissed for failure to state a claim on which relief may be granted.

### A.    First Cause of Action: Access to Courts and Free Speech

#### 1. Access to Courts

Plaintiff alleges that the defendants violated his First and Fourteenth Amendment rights to access the courts. In *Bounds v. Smith*, the United States Supreme Court held that prisoners have a constitutional right to meaningful access to the courts. 430 U.S. 817, 821, 97 S.Ct. 1491 (1977). However, to recover under this theory, a plaintiff must demonstrate that he suffered an actual injury, such as having a "nonfrivolous legal claim ... frustrated or ... impeded," as a result of the alleged misconduct. *Lewis v. Casey*, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996).

Here, plaintiff alleges that (i) Sousa denied him access to law books, Cmpt. ¶ 53; (ii) "all correctional officers and nurses in this civil claim" told inmates what he was writing in his cell and in outgoing legal mail, Cmpt. ¶ 54; (iii) Guilbault and Leduc opened his legal mail and Sousa and Leduc knew what a letter he wrote to the court on December 15, 2008 said, Cmpt. ¶¶ 55 & 67; and (iv) and "the defendants in this lawsuit" generally, and Klaus, Weeden, Sousa, Allard, and Douglas, more specifically, attempted to blackmail or threaten him to stop pursuing his legal claims, Cmpt. ¶¶ 58, 60, 75 & 79. However, plaintiff does not indicate that such actions had any effect on any legal claim he was or is pursuing. Accordingly, plaintiff's cause of action for a violation of his right to access to the courts fails to state a claim on which relief may be granted and should be dismissed. I so recommend.

#### 2. Retaliation for Pursuing Access to Courts and Free Speech Rights

Plaintiff also alleges that (i) Ron Renshaw, Klaus and Belisle "kept denying me recreation in retaliation for my freedom of speech at the desk in the cell I lived in," Cmpt. ¶ 55,

5

and (ii) "Duarte and officers" retaliated against him for his legal work by telling inmates what he was doing in his cell and sometimes denying him store orders and other privileges, Cmpt. ¶ 79.

Acts of retaliation for the exercise of any constitutionally protected right, including freedom of speech and access to courts, is itself a violation of the constitution actionable under 42 U.S.C. § 1983. *See White v. Napoleon*, 897 F.2d 103, 111-112 (3rd Cir. 1990). To establish a retaliation claim, plaintiff must assert sufficient factual matter which demonstrates that (i) he engaged in constitutionally protected conduct; (ii) he suffered an adverse action that would "deter a person of ordinary firmness" from the exercise of the right at stake, and (iii) there was a causal connection between the constitutionally protected conduct and the adverse action. *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006).

Here, plaintiff provides only bald assertions of any causal connection between the conduct that he suggests is protected and the alleged adverse action. First, assuming without deciding that plaintiff was engaged in protected activity in "speech at his desk" and that the allegedly resulting denial of recreation was sufficiently adverse, plaintiff provides no facts indicating a causal relationship between the two. Similarly, assuming that plaintiff's "legal work" involved protected activity and that the alleged actions by the officers of informing inmates about plaintiff's activities in his cell and denial of some privileges constituted sufficiently adverse action, he again fails to provide any facts suggesting a causal connection. Therefore, plaintiff's bald assertions of retaliation fail to state a claim on which relief may be granted, and I recommend such claims be dismissed.

**B.     Second Cause of Action: Segregation**

In his second cause of action, plaintiff states that defendants violated his right to due process under the Fourteenth Amendment by placing him in segregation because he "wouldn't do what they wanted." Cmpt. ¶ 82. In the Complaint, plaintiff states that defendant Doyle gave him 89 days of segregation "for being attacked", Cmpt. ¶ 77, but that, upon appeal, defendant Dennett reduced the discipline to 20 days in segregation, Cmpt. ¶ 78.

The Fourteenth Amendment's Due Process Clause provides that a state shall not deprive any person of life, liberty, or property without due process of law. *See* U.S. Const. amend. XIV. Here, plaintiff apparently is alleging an interference with a "liberty" interest due to his temporary confinement in segregation. While a state may create liberty interests that are protected by the Due Process Clause, these interests are generally limited to freedom from restraint that "imposes

6

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Connor*, 515 U.S. 472, 484-86, 115 S.Ct. 2293 (1995)(punitive segregation for a term of 30 days does not trigger the protections of the Due Process Clause because it is not an atypical and significant hardship in relation to the ordinary instances of prison life). Here, plaintiff has no liberty interest in avoiding 20 days of segregation and thus fails to state a claim on which relief may be granted under the Due Process Clause. *See id.*; *Williams v. Wall*, No. 06-12S, 2006 WL 2854296, at *3 (D.R.I. Oct. 04, 2006)(21 days of segregation fails to implicate liberty interest). Accordingly, I recommend such claims be dismissed.

### C. Third Cause of Action: Harrassment

As his third cause of action, plaintiff complains that defendants violated his rights under the Eighth Amendment to be free from cruel and unusual punishments through harassment as well as a constant cell search and a physical cell search that trashed his cell. Cmpt. ¶ 83.

The Eighth Amendment prohibits "cruel and unusual punishments," and "it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(citation omitted). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Here, neither the harassment nor the cell searches rise to the level of an Eighth Amendment violation.

With respect to harassment, plaintiff makes general statements that he was harassed, abused, tortured, laughed at or whispered about, Cmpt. ¶¶ 56, 61, 63, 68, 70, 71, 75, 75 & 79, as well as more specific allegations that various defendants: (i) told inmates what he was writing in his cell, Cmpt. ¶¶ 54 & 79; (ii) accused him of masturbating, "lusting after his sister" or molesting his nephew, Cmpt. ¶¶ 54, 56, 59, 62, 75, & 79; (iii) called him a serial killer, Cmpt. ¶¶ 65 & 74; (iv) threatened him generally, with physical violence or with segregation, Cmpt. ¶¶ 63, 65, 70, 75 & 78, and (v) used his mental health visits to make him look delusional, Cmpt. ¶¶ 56 & 80. However, as a general rule, threats and harassment alone do not constitute cruel and unusual punishment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004); *Knowles v. Maine*, No. 9-282, 2009 WL 3517589, at *4 (D.Me. Oct. 29, 2009)(recommended decision); *Shabazz v. Cole*, 69 F.Supp.2d 177, 199-200 (D.Mass. 1999). Although plaintiff alleges that he was attacked by a fellow inmate at the request of certain correctional officers, he

7

does not tie such attack to the alleged verbal harassment;[3] nothing here suggests that the alleged verbal harassment rose to the level of a constitutional violation.

Additionally, plaintiff complains that a "constant cell search" and a physical cell search that "trashed" his cell imposed cruel and unusual conditions of confinement. To establish an Eighth Amendment violation by a prison official based upon conditions of confinement, the plaintiff must demonstrate that the conditions presented a "substantial risk of serious harm," and that the official had "a sufficiently culpable state of mind described as deliberate indifference to inmate health or safety." *Giroux v. Somerset County*, 178 F.3d 28, 31 (1st Cir. 1999).

Clearly, one cell search that "trashed" his cell did not present a substantial risk of serious harm to plaintiff, and thus does not support a claim for which relief may be granted. *See Vigliotto v. Terry*, 873 F.2d 1201, 1203 (9th Cir. 1989)(single incident of retaliatory cell search insufficient to allege violation of Eighth Amendment). Additionally, plaintiff's claim that he is under a "constant cell search," presumably via the alleged cameras hidden in the light fixtures in his cells, are frivolous. *See Denton*, 504 U.S. at 33.

Accordingly, plaintiff's claim that defendants violated his rights under the Eighth Amendment for harassment and cell searches fails to state a claim on which relief may be granted and should be dismissed. I so recommend.

### D. Fourth Cause of Action: Equal Protection and Right to Privacy

In his fourth cause of action, plaintiff alleges that defendants violated his rights to equal protection and to privacy under the Fourteenth Amendment. Cmpt. ¶ 84.

#### 1. Equal Protection

With respect to the former claim, plaintiff simply states that defendants violated his right to equal protection of laws because of his class as a B status inmate and because they think he is gay. The Equal Protection Clause bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if such selective treatment was based on impermissible considerations such as race, gender, or religion. *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2nd Cir. 2005). Here, plaintiff fails to indicate how he was treated differently from other similarly situated persons or how he was harmed because of his membership in the class of persons who are B status or whom are gay or thought of as gay. Accordingly, plaintiff's equal protection claim should be dismissed. I so recommend.

---

[3] The alleged assault by a fellow inmate is addressed below in Section V of this Report and Recommendation.

### 2. Right to Privacy

Plaintiff also claims that defendants violated his right not to have unwanted things done to his body by watching him with the hidden device in his cell light boxes. Prisoners retain a right to avoid unreasonable body searches by government officials. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979); *see also Roberts v. Rhode Island*, 239 F.3d 107, 109 (1st Cir. 2001)(finding prison regulation requiring body cavity search violated Fourth Amendment where not based on reasonable suspicion that prisoner hiding contraband or weapons); *Oliver v. Scott*, 276 F.3d 736, 745, n. 13 (5th Cir. 2002)(collecting cases finding prisoners have limited privacy right to bodily integrity based on Fourth and Fourteenth Amendments). Here, however, as stated above, this claim is based on irrational allegations, and, as such, should be dismissed as frivolous. *See Denton*, 504 U.S. at 33. Accordingly, plaintiff's right to privacy claim should be dismissed. I so recommend.

### E. Fifth Cause of Action: Fraud and Due Process

In his fifth cause of action, plaintiff alleges that defendants violated his due process right and committed fraud on him and the Court through threats, extortion, and blackmail. Cmpt. ¶ 85. The Complaint includes alleged threats by certain defendants which plaintiff implies were failed attempts to convince him to abandon his legal claims. Cmpt. ¶¶ 58, 60, 67, 68, 75, 77, & 78.

However, even reading this cause of action liberally, these allegations do not state a claim that defendants deprived plaintiff of a constitutional or federal statutory right as required to bring a claim under §1983. *See Gomez.* 446 U.S. at 640. Plaintiff does not indicate any liberty or property interest that was violated by defendants' alleged actions. Further, to the extent plaintiff alleges that such threats violated his access to the courts by attempting to deter him from proceeding with his legal claims, as discussed above, absent an injury to a nonfrivolous action, such claim fails. *See Lewis*, 518 U.S. at 351-53. Accordingly, plaintiff's fifth cause of action fails to state a claim for which relief may be granted and should be dismissed. I so recommend.

### V. Unspecified Cause of Action: Excessive Force or Failure to Protect

In paragraphs 71 through 74 of the Complaint, plaintiff alleges that on February 2, 2009: (i) he saw Officer Estrella talking to inmate Minear; (ii) he heard Minear tell another inmate that "Estrella gave him the green light"; (iii) he observed Officer Estrella talking to Officer Johanson and he believed Estrella was telling Johanson that Officer Klaus wanted plaintiff out of the block; (iv) thereafter, Minear attacked plaintiff; (v) during the attack plaintiff "made it to the

corner doing a circle around C/O Estrella and Belisle" and then threw a trash can at Minear who was coming after him again; (vi) after the attack was over Estrella pressed a code; and (v) plaintiff was told he suffered a slight fracture to his jaw and a concussion from the attack. Cmpt. ¶¶ 71-74. Although plaintiff does not specifically so state, reading the allegations in the light most favorable to plaintiff, it appears that plaintiff is implying that Officer Estrella either asked or allowed Minear to attack plaintiff. Further, plaintiff seems to be suggesting that Officers Johanson, Klaus, and Belisle were also somehow involved in initiating or allowing the attack.

Such an interpretation raises the specter of an Eighth Amendment violation by the officers for the use of excessive force or failure to protect. To state an Eighth Amendment claim for the use of excessive force, an inmate must demonstrate "unnecessary and wanton infliction of pain." *Whitley v. Abers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078 (1986). The primary inquiry in determining whether a prison official used excessive physical force turns on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995 (1992). Alternatively, an inmate may state a claim against a prison official under the Eighth Amendment for the failure to afford adequate protection from attack by another inmate if he shows the deprivation he suffered was objectively serious and the defendant official knew of and disregarded a substantial risk of serious harm. *See Farmer*, 511 U.S. at 828-840.

Here, however, the "Causes of Action" section of the Complaint does not include an Eighth Amendment claim against any prison guard in connection with the alleged February 2, 2009 attack. Although a court reads *pro se* litigants' pleadings liberally, "[i]n reviewing prisoners' cases, it is not the role of the district court to interpret the complaint to state additional claims or to 'supply an allegation of injury different from the injury specifically alleged by [the plaintiff].'" *Showalter*, 2009 WL 3379146, at *5 (citing *Farabee v. Feix*, 119 F.App'x 455, 458 (4th Cir.2005)). In this action, plaintiff has not asserted a claim of excessive force or failure to protect against Officers Estrella, Johanson, Klaus, and/or Belisle, and it is not the role of the Court to interpret the Complaint to state such a claim.

## CONCLUSION

As set forth above, I recommend the dismissal of 21 of the named defendants because the Complaint contains either no factual allegations or insufficient factual allegations against such parties. I further recommend the dismissal of 8 additional defendants against whom only supervisory liability is alleged. I also recommend the dismissal of the claims against the remaining defendants as frivolous or for failure to state a claim on which relief may be granted. Finally, having recommended the dismissal of all claims and defendants named in the action, I recommend that plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 24, 2009